UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>KELVIN ATKINSON,<br><br>Defendant(s). | Case No. 2:19-CR-55 JCM (CWH)<br><br>ORDER |

Presently before the court is Kelvin Atkinson's ("defendant") emergency motion to modify sentence. (ECF No. 28). The United States of America ("the government") filed a response (ECF No. 30) and supplement (ECF No. 31), to which defendant replied (ECF No. 32).

**I.      Background**

As relevant to this motion, the court sentenced defendant to 27 months' custody on July 18, 2019. (ECF Nos. 20; 21). While incarcerated, the novel strain of coronavirus, COVID-19, has run rampant throughout the country and the world. While the court need not reiterate the well-known effects COVID-19 has had on day-to-day life, certain populations are particularly at risk of "severe illness" from the virus: the elderly, asthmatic, immunodeficient, and people with HIV. *See* Center for Disease Control, *People Who Are at Higher Risk for Severe Illness,* (April 2, 2020), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (*last accessed* April 8, 2020).

Defendant moves this court to commute his time of incarceration to home confinement "based upon his unique susceptibility to the COVID-19 infection . . . ." (ECF No. 28 at 2). The government opposes the motion because defendant has not exhausted his administrative remedies, as required by the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 30).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"Even though courts ordinarily have the inherent authority to reconsider its prior orders, such authority does not exist when there is an "express rule to the contrary." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999). One such contrary rule exists in the sentencing context: "A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). Thus, the court may modify a sentence only when expressly authorized by statute.

The court is expressly authorized to modify a sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). 18 U.S.C. § 3582(c)(1)(A). However, courts may consider compassionate release only "upon motion of the Director of the Bureau of Prisons . . . ." *Id.* If a defendant wants to file such a motion with the court, he must fully exhaust his administrative remedies before doing so. *Id.* Since the enactment of the First Step Act, a defendant may file a compassionate-release motion if his application to the Bureau of Prisons ("BOP") goes unanswered for thirty days. *Id.*

## III. Discussion

The instant motion is not unique. Inmates across the country are concerned about the COVID-19 pandemic in the penological context and are moving for early release or home confinement. Many do so without exhausting their administrative remedies.

Courts faced with defendants who have not exhausted their administrative remedies have taken divergent approaches. Some courts have purposefully avoided the issue of administrative exhaustion. *See, e.g., United States v. Butler,* No. 19 CR. 834-10 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020) ("The [c]ourt need not reach this argument, however, because the [c]ourt concludes that a reduction of Butler's sentence is not warranted for two independent reasons."). Other courts deftly omit any discussion of administrative exhaustion at all. *See, e.g., United States v. Rodriguez,* No. 2:03-CR-00271-AB-1, 2020 WL 1627331 (E.D. Pa. Apr. 1, 2020). It seems most courts—particularly in this circuit—have found that they lack jurisdiction to entertain such motions until the defendant exhausts his administrative remedies. *See, e.g.,*

*United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440 (D. Or. Apr. 6, 2020); *United States v. Young*, No. CR14-5242RJB, 2020 WL 1673043 (W.D. Wash. Apr. 6, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968 (E.D. Wash. Apr. 1, 2020); *United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782 (S.D. Cal. Mar. 27, 2020).

However, Judge Analisa Torres in the Southern District of New York, relying on Second Circuit authority, found that administrative exhaustion could be waived. *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880 (S.D.N.Y. Apr. 3, 2020); *United States v. Perez,* No. 17 CR. 513-3 (AT), 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020). Defendant implores the court to take Judge Torres's approach in the instant case. (ECF No. 32 at 6).

But Judge Alison Nathan, also of the Southern District of New York, acknowledged Judge Torres's approach but concluded that she was nonetheless "skeptical that the First Step Act admits of such exception to its statutory exhaustion requirement." *United States v. Gross*, No. 15-CR-769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020). Judge Nathan noted that the waiver approach potentially ran afoul of Supreme Court precedent:

> Indeed, the Supreme Court cautions courts against "read[ing] futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise," *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001), because, in the case of *statutory* exhaustion requirements, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to," *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016).

*Id.* Ultimately, Judge Nathan deferred ruling on the defendant's motion for compassionate release, reasoning as follows:

> In so concluding, the Court notes that though it feels constrained to honor the balance Congress has struck in the First Step Act *at this time*, that balance was struck without the specter of the COVID-19 pandemic looming. Under normal circumstances, the built-in 30-day exception to the statutory exhaustion requirement functions as "an accelerant to judicial review," providing defendants with recourse to the courts after the lapse of an otherwise "exceptionally quick" 30-day period. *Russo*, Dkt. No. 54 at 5. However, we are not currently living under normal circumstances. Indeed, over the course of 30 days in New York State, the number of diagnosed cases of COVID-19 has grown from only a handful to well over 100,000. *Compare* Andrew Cuomo (@NYGovCuomo), Twitter (Mar. 5, 2020, 12:41 PM),

> https://twitter.com/NYGovCuomo/status/1235621417577635840
> (confirming that New York had 22 cases of COVID-19 statewide as of March 5, 2020) *with* New York State Department of Health, NYSDOH COVID-19 Tracker, https://covid19tracker.health.ny.gov/views/NYS-COVID19-Tracker/NYSDOHCOVID-19Tracker-Map?%3Aembed=yes&%3Atoolbar=no (confirming that New York had 122,031 confirmed cases of COVID-19 statewide as of April 4, 2020). Under such circumstances, 30 days is anything but "exceptionally quick"—indeed, each day, perhaps each hour, that elapses "threatens incarcerated defendants with greater peril." *Russo*, Dkt. No. 54 at 5. Requiring defendants to await the lapse of the *full* 30 days from receipt of their requests by the wardens of their facilities may "pervert congressional intent" by transforming the 30-day rule into an obstacle—rather than an accelerant—to judicial review, *see Russo*, Dkt. No. 54 at 5, and result in irreparable harm to defendants, *see United States v. Nkanga Nkanga*, No. 18-cr-713 (JMF), Dkt. No. 104 at 2 (S.D.N.Y. Apr. 3, 2020).

*Id.* at *3 (emphasis in original).

Here, defendant contends that he "filed an application for relief with the [w]arden at his facility outlining the same request for relief." (ECF No. 32 at 3 (emphasis added)). But defendant concedes that he filed his application on April 2, 2020, only after he filed the instant motion for relief on March 27. *Id.* Defendant also concedes that "it appears that his application did not even get to the [w]arden until more than 4 days later." *Id.* Thus, it appears that the warden at FCP Atwater, where defendant is incarcerated, received defendant's application on April 6, 2020. Although defendant fervently points out that "[t]o date, there has been no response," the court reasons that there has not yet been enough time to review his application.

The court finds Judge Nathan's approach convincing. As she did in *Gross*, the court "expects BOP to be able to finally resolve [defendant's] request [within] one week after the Warden at [the facility] confirmed receipt of his request." *Gross,* 2020 WL 1673244, at *3. Indeed, defendant in this case points out the admonitions of Attorney General Barr and the BOP's COVID-19 home confinement releases, which suggest that expedited treatment should be and is, in fact, being given to such requests. (ECF No. 32 at 1, 7–9).

However, if the BOP has not made a final determination on defendant's request by April 13, 2020, the court will consider his motion—including his exhaustion arguments—at that time.

The parties are instructed to file a status report immediately following any determination the BOP makes on defendant's request for compassionate release.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's emergency motion to modify sentence (ECF No. 28) be, and the same hereby is, DEFERRED. The court expects BOP to be able to finally resolve defendant's request by April 13, 2020. If BOP has not made a final determination on defendant's request by April 13, 2020, the court will consider defendant's motion—including his exhaustion arguments—at that time.

IT IS FURTHER ORDERED that, in the interest of expedition, by April 13, 2020 at 12:00 p.m., defendant shall submit language for a proposed modification of his sentence.

IT IS FURTHER ORDERED that the parties shall submit a status report immediately following any determination BOP makes on defendant's request for compassionate release.

DATED April 10, 2020.

_____
UNITED STATES DISTRICT JUDGE